E-FILED
Wednesday, 17 June, 2026 02:36:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WILLIAM STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4227 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he suffered chronic pain from a stress fracture in his leg and other injuries. He alleges Defendant Kramer referred him to an orthopedic specialist after reading the x-ray of his leg, and that he was not sent to the specialist for approximately 3 months. Plaintiff alleges that Defendant Kramer would only provide over-the-counter pain medication, despite

Plaintiff's complaints that it was ineffective. Plaintiff alleges that Defendant Osmundson opined that Plaintiff did not need stronger pain medication. Plaintiff alleges that Defendants Osmundson, Kramer, and Boone refused to follow the specialist's recommendations.

Plaintiff alleges that Defendants Hughes, Pritzker, and Baker failed to fix systemic issues that caused understaffing of medical staff and resulted in unnecessary delays in treatment. He alleges that the IDOC grievance process is designed and utilized to hinder his ability to access the courts.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Osmundson, Kramer, and Boone in their individual capacities, and a claim against Defendant Wexford based on the alleged policies that caused delays. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff does not state a claim against the remaining defendants. His allegations do not permit a plausible inference that they were personally involved in his medical care, and non-medical prison officials are entitled to defer to the judgment of those responsible for providing treatment. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate's complaints are not ignored (citations omitted)). Plaintiff cannot sue supervisory officials just because they were in charge, nor does § 1983 provide for recovery against state officials in their official capacities. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)

("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."). The Court will dismiss the remaining defendants.

## Plaintiff's Motions for Status (Docs. 1, 9)

Plaintiff's motions are granted. This Order addresses all pending issues.

## Plaintiff's Motion to Request Counsel (Doc. 7)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1.	**Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Osmundson, Kramer, and Boone in their individual capacities, and a claim against Defendant Wexford based on the alleged policies that caused delays. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.	**This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that

defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.    The clerk is directed to terminate Baker, Hughes, Pritzker, and Sain as defendants.

12.    The clerk is directed to attempt service on Wexford Health Sources, Inc., Kasey Kramer, Osmundson, and Boone pursuant to the standard procedures.

13.    Plaintiff's Motion [1][9] are GRANTED.

14.    Plaintiff's Motion [7] is DENIED with leave to renew.

Entered this 17th day of June, 2026.

_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE